MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
By: SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2701
Fax No. (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMERICAN CIVIL LIBERTIES UNION;       :
AMERICAN CIVIL LIBERTIES UNION        :
FOUNDATION,                           :
                                      :
                    Plaintiffs,       :
                                      :
         v.                           :    **ANSWER**
                                      :
DEPARTMENT OF DEFENSE; CENTRAL        :    07 Civ. 6097 (VM)
INTELLIGENCE AGENCY                   :
                                      :    **ELECTRONICALLY FILED**
                    Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants, the Department of Defense ("DOD") and Central Intelligence Agency ("CIA"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully answer plaintiffs' complaint on information and belief as follows:

1. This paragraph sets forth plaintiffs' description of their claims, to which no response is required.

2. Deny except to admit that on May 3, 2007, the DOD and the CIA each received a Freedom of Information Act ("FOIA") request from the ACLU dated April 30, 2007, seeking the records described in this paragraph.

3. This paragraph characterizes the news reports cited in paragraphs 15-24 of the complaint, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

4. Deny.

5. Deny the first sentence. As to the second sentence, deny except to admit that the DOD and the CIA have refused plaintiffs' requests for expedited processing and have not yet completed the processing of the requests.

6. This paragraph sets forth a legal conclusion, to which no response is required.

7. Admit that the American Civil Liberties Union ("ACLU") is a nationwide, non-profit organization, but deny knowledge or information sufficient to form a belief as to the remainder of this paragraph.

8. Admit.

9. Admit.

10. Deny the first sentence except to admit that defendant CIA is an agency of the Executive Branch of the United States. *See* 50 U.S.C. 403-4(a). Admit the second sentence.

11. This paragraph consists of plaintiffs' characterization of the statutory authority governing national security letters ("NSLs"), to which no response is required. The defendants respectfully refer the Court to the statutory authorities referenced in paragraph 12 of plaintiffs' complaint for a complete and accurate statement regarding the nature of NSLs and the conditions required for their issuance.

12. This paragraph consists of plaintiffs' characterization of the statutory authority governing NSLs, to which no response is required. The defendants respectfully refer the Court

to the statutory authorities referenced in this paragraph for a complete and accurate statement of the nature of the records that may be obtained through NSLs.

13.  This paragraph consists of plaintiffs' characterization of the changes to the statutory authority governing NSLs effected by the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (the "Patriot Act"), Pub. L. No. 107-56, 115 Stat. 272 (Oct. 26, 2001), to which no response is required.  The defendants respectfully refer the Court to the sections of the Patriot Act concerning NSLs, including § 215, as amended by the USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177, 120 Stat. 195 (Mar. 9, 2006), and by the USA PATRIOT Act Additional Reauthorizing Amendments Act of 2006, Pub. L. 109-178, 120 Stat. 278 (Mar. 9, 2006), for a complete and accurate statement of their contents.

14.  Deny except to admit that in many cases NSL recipients are informed that they are prohibited from disclosing that the agency has sought or obtained information through the NSL.

15.  This paragraph characterizes the news report cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of its contents.

16.  This paragraph characterizes the news reports and editorials cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

17.  This paragraph characterizes the news reports cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

18. This paragraph characterizes the news reports cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

19. This paragraph characterizes the news reports cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

20. This paragraph characterizes the report referenced therein, *see* A Review of the Federal Bureau of Investigation's Use of National Security Letters, *available at* http://www.usdoj.gov/oig/special/s0703b/final.pdf, to which the defendants respectfully refer the Court for a complete and accurate statement of its contents.

21. This paragraph characterizes the news reports and editorials cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

22. This paragraph characterizes the news report cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of its contents.

23. This paragraph characterizes the editorials cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

24. This paragraph characterizes the news reports cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

25. This paragraph characterizes the congressional hearings cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

26. Deny except to admit that on May 3, 2007, the DOD and the CIA each received a Freedom of Information Act ("FOIA") request from the ACLU dated April 30, 2007, seeking the records described in this paragraph.

27. Admit.

28. Admit.

29. Admit, except deny that the CIA is required by statute to process plaintiffs' FOIA request within 20 days.

30. Admit.

31. Deny.

32. Deny.

33. This paragraph characterizes the statutory provision cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of its contents.

34. This paragraph characterizes the statutory and regulatory provisions cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

35. This paragraph characterizes the statutory and regulatory provisions cited therein, to which the defendants respectfully refer the Court for a complete and accurate statement of their contents.

36. Deny.

37. Deny.

38. Deny the first sentence. Deny knowledge or information sufficient to form a belief as to the remainder of the paragraph.

39.     Deny the first sentence.  Deny knowledge or information sufficient to form a belief as to the second sentence.  Admit the third sentence.  Deny knowledge or information sufficient to form a belief as to the remainder of the paragraph.

40.     Deny knowledge or information sufficient to form a belief as to this paragraph.

41.     Deny.

42.     Deny the first sentence.  Deny knowledge or information sufficient to form a belief as to the remainder of the paragraph.  The defendants aver that whether the records sought by plaintiffs will significantly contribute to public understanding of the operations of the DOD and the CIA cannot be determined until the plaintiffs' FOIA requests have been fully processed.

43.     Deny.

44.     Deny.

45.     Deny knowledge or information sufficient to form a belief as to this paragraph.

46.     Defendants incorporate by reference their responses to paragraphs 1-45.

47.     Deny.

48.     Deny.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

The remaining paragraph sets forth plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, defendants deny that plaintiffs are entitled to the relief sought.

### FIRST DEFENSE

The complaint fails to state a claim on which relief can be granted, as defendants have properly withheld the requested documents. 5 U.S.C. § 552(b).

### SECOND DEFENSE

Plaintiffs failed to exhaust all of their administrative remedies.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction insofar as plaintiffs' request for relief exceeds the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

WHEREFORE, defendants demand judgment dismissing the complaint and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
July 30, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By:      /s/ Serrin Turner
SERRIN TURNER (ST-0646)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2701
Fax: (212) 637-2686